IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GCS CREDIT UNION,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN UNITED LIFE<br>INSURANCE COMPANY,<br><br>      Defendant. | Case No. 3:20-CV-00937-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the court is a motion to dismiss (Doc. 14) by Defendant American United Life Insurance Company ("AUL"). For the reasons set forth below, the Court grants the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

AUL, an Indiana-based corporation, provides administrative services in relation to employer-sponsored retirement plans (Docs. 1, 14). In the period relevant to the complaint, AUL provided services to the GCS Credit Union Hourly Employees Savings and Profit Sharing Plan (the "Plan"), which was administered by GCS, an Illinois-chartered credit union, and provided to GCS employees based in Madison County, Illinois (Doc. 1-1 at 3; Doc. 14 at 2). The complaint alleges that among the services provided by AUL were "plan design, compliance, administration, and recordkeeping" (Doc. 1 at 4). The complaint further alleges that certain part-time employees were excluded from participation in the Plan in violation of the terms of the Plan, and that AUL

"failed to notify Plaintiff that the exclusion from the Plan of part-time employees … violated the terms of the Plan" (Doc. 1-1 at 5). GCS indicates that when it became aware of this issue, it took corrective action, incurring certain costs exceeding $75,000 in the process (*Id.*).

Based on these allegations, GCS brought an action for professional negligence and breach of contract in the Circuit Court of Madison County, Illinois, on August 18, 2020. AUL removed the action to this Court on September 15, 2020, stating that the action satisfies the requirements for diversity jurisdiction and furthermore that the case arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* GCS filed an appearance on September 18, 2020, and did not object to this Court's jurisdiction or seek to remand.

AUL filed a motion to dismiss on October 22, 2020, arguing that the state-law claims are preempted by ERISA. GCS has not responded to the motion or indicated that the motion is unopposed.

## Legal Standard

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion

to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## ANALYSIS

ERISA is a statute with exceptionally broad preemptive power. *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 724 (7th Cir. 2017). Broadly speaking, Courts have established that ERISA preempts and state law that "relates to" an employee benefit plan governed by ERISA. *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1492 (7th Cir. 1996). Beyond state statutes, ERISA generally preempts state causes of action that have a "'connection or reference to" an ERISA plan. *Id.* at 1493. Even where a state cause of action does not have any explicit connection or reference to an ERISA plan, it may nevertheless be preempted. The Supreme Court has created a two-part test for ascertaining whether such a claim is preempted by ERISA, directing courts to consider: "(1) 'if an individual, at some point in time, could have brought his claim under' ERISA's expansive civil enforcement mechanism … and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Id.* (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200 210 (2004)).

Based on the facts as presented in the complaint and as described by AUL in its Motion to Dismiss, and absent any argument to the contrary, the Court is inclined to conclude that GCS could have brought an enforcement action under ERISA to redress any violations and enforce provisions of the Plan. The Court further concludes that any legal duties arising from the contract for services between GCS and AUL or AUL's

professional duties were not independent but rather depended upon interpretation of the provisions of the plan. Accordingly, the Court must find that GCS's state-law claims are preempted by ERISA.

## Conclusion

For the reasons set forth above, the Court **GRANTS** the Motion to Dismiss and **DISMISSES the complaint without prejudice**, with leave to refile should GCS wish to bring claims under ERISA. If GCS wishes to file an amended complaint, it shall do so on or before **January 7, 2021**. Failure to do so will result in dismissal of this entire action.

**IT IS SO ORDERED.**

DATED: December 10, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**