IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GCS CREDIT UNION, | |
| Plaintiff, | |
| v. | Case No. 3:20-CV-00937-NJR |
| AMERICAN UNITED LIFE INSURANCE COMPANY, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the court is a motion to dismiss (Doc. 14) filed by Defendant American United Life Insurance Company ("AUL"). For the reasons set forth below, the Court denies the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

AUL, an Indiana-based corporation, provides administrative services in relation to employer-sponsored retirement plans (Docs. 1, 14). In the period relevant to the complaint, AUL provided services to the GCS Credit Union Hourly Employees Savings and Profit Sharing Plan (the "Plan"), which was administered by GCS, an Illinois-chartered credit union, and provided to GCS employees based in Madison County, Illinois (Doc. 1-1 at 3; Doc. 14 at 2). The complaint alleges that among the services provided by AUL were "plan design, compliance, administration, and recordkeeping" (Doc. 1 at 4). The complaint further alleges that certain part-time employees were excluded from participation in the Plan in violation of the terms of the Plan, and that AUL

"failed to notify Plaintiff that the exclusion from the Plan of part-time employees … violated the terms of the Plan" (Doc. 1-1 at 5). GCS indicates that when it became aware of this issue, it took corrective action, incurring certain costs exceeding $75,000 in the process (*Id.*).

Based on these allegations, GCS brought an action for professional negligence and breach of contract in the Circuit Court of Madison County, Illinois, on August 18, 2020. AUL removed the action to this Court on September 15, 2020, stating that the action satisfies the requirements for diversity jurisdiction and furthermore that the case arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

AUL filed a motion to dismiss on October 22, 2020, arguing that GCS's state-law claims are preempted by ERISA. GCS responded on December 28, 2020, arguing that its claims were not preempted by ERISA as AUL's common law duties under its contract with GCS were independent from ERISA, even if the subject of the contract was the administration of an ERISA plan. AUL filed a reply brief on January 8, 2021, noting that it argues for express preemption rather than complete preemption (Doc. 19).

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels

and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## ANALYSIS

ERISA is a statute with exceptionally broad preemptive power. *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 724 (7th Cir. 2017). Broadly speaking, courts have established that ERISA preempts a state law that "relates to" an employee benefit plan governed by ERISA. *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1492 (7th Cir. 1996). Beyond state statutes, ERISA generally preempts state causes of action that have a "connection or reference to" an ERISA plan. *Id.* at 1493. In the past, the Supreme Court has held that common law claims relating to plan administration may be preempted, as in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987), where state common law claims for breach of contract and breach of fiduciary duties brought by a policyholder against an insurer providing disability insurance were found to be preempted.

Nevertheless, "[a] state-law claim is not expressly preempted under § 1144(a) merely because it requires a cursory examination of ERISA plan provisions." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. College of Wis., Inc.*, 657 F.3d 496, 504 (7th Cir. 2011) (citing *Trs. of the AFTRA Health Fund v. Biondi*, 303 F.3d 765, 780 (7th Cir. 2002)). Rather, the Seventh Circuit has indicated that a key question is whether a common law claim requires the interpretation or application of the terms of an ERISA plan. *Biondi*, 303 F.3d at 780 (citing *Collins v. Ralston Purina Co.*, 147 F.3d 592, 595 (7th Cir. 1998).

Here, the defendant does not dispute that AUL was party to a contract for services with GCS, under which it agreed to provide certain professional services related to "plan design consulting … compliance, administration, and recordkeeping services" (Doc. 14 at 2). Under state law, such a contract for professional services gives rise to certain common law duties. AUL, however, cites the complaint's allegation that it "failed to timely notify Plaintiff that exclusion of part-time employees *violated the terms of the Plan* and may result in an operational failure" (Doc. 14 at 4). Based on this language, AUL argues that any adjudication of GCS's common-law claims would be rooted in the terms of the plan itself and would require such extensive interpretation of those terms so as to make the claim inextricably related to the plan. This, however, seems like an incorrect reading of the language of the complaint and the facts as laid out by the parties. There does not appear to be any doubt that certain employees were excluded from the plan, that this exclusion constituted a plan violation, and that GCS paid certain sums through the Internal Revenue Service's Employee Plans Compliance Resolution System to remedy the issue.

The question, instead, is whether AUL failed to warn GCS of this failure and whether it had any duty to do so. Resolution of this question would not relate to the plan itself, but rather would depend on the contract between AUL and GCS for professional services and AUL's actual conduct in the provision of those services. Accordingly, as in cases such as *Kolbe*, 657 F.3d at 504, and *Biondi*, 303 F.3d at 780, this action does not require interpreting or applying the plan, nor does it relate to the plan in a significant way. Thus, GCS's state-law claims are not preempted.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion to Dismiss.

**IT IS SO ORDERED.**

**DATED:   January 13, 2021**

                                                            _____
                                                            **NANCY J. ROSENSTENGEL**
                                                            **Chief U.S. District Judge**